Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2545 | **DATE** | 9/14/2000 |
| **CASE TITLE** | USA ex rel. Phillip Williams vs. Guy Pierce, Warden | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. All of Williams' grounds for obtaining federal habeas relief either have been procedurally defaulted of lack merit. There is no need for an evidentiary hearing, so that Section 2254 Rule 8(a) mandates "such disposition of the petition as justice shall require." In this instance that calls for the dismissal of the Petition and this action, and this Court so orders. The September 19 status hearing is vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | SEP 15 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 21 |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 SEP 14 PM 2: 24 | 9/14/2000 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. PHILLIP WILLIAMS, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. 00 C 2545 |
| GUY PIERCE, Warden Pinckneyville Correctional Center, | ) ) ) ) | |
| Respondent. | ) | |

SEP 15 2000

MEMORANDUM OPINION AND ORDER

On April 24, 2000 Phillip Williams ("Williams") filed a self-prepared Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. §2254 ("Section 2254") to challenge his 1996 conviction on charges of home invasion, armed robbery, residential burglary and intimidation -- charges on which he is serving three consecutive six year sentences for the first three offenses and a concurrent term of five years for intimidation. In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), this Court promptly reviewed the Petition as well as Williams' simultaneously filed Application to Proceed Without Prepayment of Fees ("Application") and Motion for Appointment of Counsel ("Motion").

That review resulted in the issuance of a May 25 memorandum opinion and order ("Opinion") that addressed all of the

preliminary issues posed by the Petition. Because of the modest amount required to be paid by habeas petitioners, the Opinion denied the Application and required Williams to pay the $5 filing fee (he has since done so). Because the Petition posed issues that could not be evaluated from that filing alone, the Opinion ordered Warden Guy Pierce ("Respondent") to file a responsive pleading in accordance with Rule 4. Finally, the Opinion denied the Motion without prejudice, noting that any decision as to the appointment of counsel would be premature until this Court had an opportunity to see the nature of the response to the Petition.

After obtaining an extension of time, Respondent has now filed an Answer and accompanying Exhibits (cited "Ex.--") to the Petition. Those filings have made it abundantly clear that the Petition is amenable to disposition on the papers now before this Court. For the reasons stated in this memorandum opinion and order, this Court finds that justice requires the dismissal of the Petition and this action.

## Procedural History

Though it is unnecessary for present purposes to detail the facts of Williams' offenses, in brief the trial court found that he pushed his way into the apartment of an acquaintance, Fantasia Williams (not a relative despite the identity of their last names), and he proceeded to beat her with a flashlight and a clothes iron. Then Williams used the cord of the iron to tie the

2

victim's hands behind her back. When she managed to free herself, Williams ordered her to give him her valuables. Finally he left with her Motorola Beeper, four gold rings, a gold chain, a Rolex watch and a gold bracelet after threatening to harm her or her family if she called the police.[1]

After his bench trial and sentencing, Williams (acting through appointed counsel) appealed his conviction and sentence to the Illinois Appellate Court for the First District. In part he argued that the offenses of residential burglary and home invasion had not been proved beyond a reasonable doubt because it was not shown that he entered the victim's apartment without consent (Ex. B at 14-20). In the alternative, Williams asserted that because exactly the same physical acts formed the basis of the residential burglary and home invasion charges, the "one-act one-crime" rule meant that he could be convicted of only one offense (id. at 20-21). Because the Appellate Court found sufficient evidence to support the conviction and held that under Illinois caselaw the one-act one-crime rule does not prohibit convictions for both home invasion and residential burglary, on September 30, 1997 it affirmed the conviction and sentence in an unpublished summary order in its Case No. 1-96-4378 (Ex. A).

---

[1] These facts have been gleaned from the Brief and Argument for Appellant-Defendant on Williams' direct appeal to the Illinois Appellate Court (Ex. B).

3

From there Williams proceeded to the Illinois Supreme Court by raising essentially the same claims in a pro se Petition for Leave To Appeal (Ex. C). On February 4, 1998 that Court denied leave in a one-sentence order in its Case No. 84380 (Ex. D).

Next Williams sought relief under the Illinois Post-Conviction Hearing Act (725 ILCS 5/122-1 through 5/122-7) by filing a pro se Petition for Post-Conviction Relief and supporting Memorandum of Law (group Ex. E, collectively "Post-Conviction Petition") in the Circuit Court of Cook County. In the Post-Conviction Petition Williams asserted a general claim of denial of due process under the Illinois and United States Constitutions, arguing that his Sixth Amendment[2] rights had been violated because of the ineffective assistance of appellate and trial counsel and citing various alleged deficiencies in his lawyers' performances (id.). After addressing each of those allegations and finding that the Post-Conviction Petition failed to state any claim cognizable under 725 ILCS 5/122-1, on April 30, 1998 the Circuit Court denied the petition summarily (Ex. F).

When Williams then sought review of that rejection, pro bono counsel was appointed to handle the appeal--but after reviewing

---

[2] As always, this opinion adheres to the conventional and convenient (though technically imprecise) practice of referring to the underlying Bill of Rights provision (which of course imposes limitations only on the federal government) rather than to the Fourteenth Amendment (which applies to state actors and has been construed to embody such Bill of Rights guaranties).

4

the issues, the appellate lawyer filed a Motion for Leave To Withdraw with the Appellate Court. Williams' pro se response (Ex. G) not only objected to that motion but also raised the same ineffective assistance of counsel claims that he had tendered to the Circuit Court. Finding "no issues of arguable merit," on March 31, 1999 the Appellate Court issued an unpublished order in its Case No. 1-98-2376 (Ex. H), affirming the judgment of the Circuit Court and granting Williams' appointed counsel leave to withdraw.

Pursuing his last available avenue for relief in the state court system, Williams then filed a pro se Petition for Leave To Appeal in the Illinois Supreme Court (Ex. J), contending (1) that the Appellate Court had erred in upholding the dismissal of his Post-Conviction Petition on the grounds of ineffective assistance of trial and appellate counsel (id. at 6, 12-19) and (2) that his rights to due process and a fair trial had been violated when the state failed to preserve evidence favorable to him, severely hampering his defense (id. at 7-11). As with Williams' earlier effort to reach the Illinois Supreme Court, leave to appeal was denied on October 6, 1999 in another one-sentence order in Supreme Court Case No. 87458 (Ex. J).[3]

---

[3] That final disposition renders the present Petition timely under 28 U.S.C. §2244(d).

5

Williams now advances three contentions that he claims entitle him to federal habeas relief (contentions paraphrased here from his Petition):

1. Williams' constitutional rights to due process and freedom from double jeopardy were violated when he received consecutive sentences on multiple convictions arising from a single act.

2. Williams was denied due process of law when evidence admitted at trial lacked a clear chain of custody and was not identified by any witness.

3. Williams' Sixth Amendment right to effective assistance of appellate counsel was violated because his attorney (a) failed to cite relevant authority in support of the "one-act one-crime" argument (causing a waiver of that argument under Illinois Supreme Court Rule 341(e)(7)) and (b) failed to object to the admission of certain evidence on the grounds that the evidence lacked adequate foundation.

After setting forth the substantive standards applicable to Section 2254 cases, this opinion will address each of those arguments in turn.

## Procedural Framework

Before any federal court can address the merits of a Section 2254 petition, the petitioner must first demonstrate that he no longer has any available state remedy for the constitutional

deprivation of which he complains. Here there is no question that Williams has exhausted all remedies available to him in the Illinois state court system within the meaning of Section 2254(b)(1)(A) and 2254(c)--that is, he has no remaining right under Illinois law to raise, by any available procedure, the questions now presented.

That being so, this opinion turns to the separate doctrine of procedural default. In that respect a habeas claim may be dismissed if the petitioner either (1) has failed to present a federal constitutional issue fairly to the state court system before raising it in the federal habeas proceedings (Spreitzer v. Schomig, 219 F.3d 639, 644-45 (7th Cir. 2000)) or (2) has presented an issue to the state court, only to have it rejected on an independent and adequate state law ground (Coleman v. Thompson, 501 U.S. 722, 729-30 (1991)). If a claim is thus barred on procedural default grounds, it is not cognizable in a federal habeas proceeding unless the petitioner can either demonstrate "cause and prejudice" or show that failure to consider the claim will result in a fundamental miscarriage of justice (id. at 750).

Finally, if there has been no procedural default, and if a federal constitutional claim was presented to the state court system and actually adjudicated on the merits there, the claim must then satisfy Section 2254(d):

7

> An application for a writ of habeas corpus on behalf of
> a person in custody pursuant to the judgment of a State
> court shall not be granted with respect to any claim
> that was adjudicated on the merits in State court
> proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary
> > to, or involved an unreasonable application of,
> > clearly established Federal law, as determined by
> > the Supreme Court of the United States; or
>
> > (2) resulted in a decision that was based on
> > an unreasonable determination of the facts in
> > light of the evidence presented in the State court
> > proceeding.

As for the dual standard embodied in Section 2254(d)(1), Williams v. Taylor, 120 S.Ct. 1495, 1505-11 (2000), has recently provided the definitive parsing: Any petitioner must show either that the state court applied a rule that contradicts Supreme Court precedent that was clearly established as of the time the state conviction became final or that the state court incorrectly and unreasonably applied a clearly established principle to the facts of petitioner's case (id.; Washington v. Smith, 219 F.3d 620, 627-28 (7th Cir. 2000)).

### Consecutive Sentences

Williams' first asserted ground for federal habeas relief is "violation of due process and double jeopardy clause where petitioner received consecutive sentences on multiple convictions arising from the same act" (Petition at 5). Respondent correctly retorts, however, that Williams has procedurally defaulted that claim by having failed to present it fairly to the state courts.

8

As taught by such cases as <u>Rodriguez v. Scillia</u>, 193 F.3d 913, 916 (7th Cir. 1999)(citation omitted):

> Fair presentment requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of claims later presented in federal court. For a constitutional claim to be fairly presented to a state court, both the operative facts and the "controlling legal principles" must be submitted.

In his direct appeal to the Illinois Appellate Court and in his Petition for Leave To Appeal to the Illinois Supreme Court, Williams cited only three Illinois state court cases (<u>People v. King</u>, 66 Ill.2d 551, 363 N.E.2d 838 (1977), <u>People v. Segara</u>, 126 Ill.2d 70, 533 N.E.2d 802 (1989) and <u>People v. Newbern</u>, 276 Ill.App.3d 623, 659 N.E.2d 6 (1st Dist. 1995)) in support of his contention that his consecutive sentences violate the "one-act one-crime" rule. All of those cases concern the proper construction of the Illinois Criminal Code and state law precedent, not federal constitutional law (see, e.g. <u>King</u>, 66 Ill.2d at 561, 363 N.E.2d at 842).

Thus it must be said that Williams' briefs to both Illinois appellate courts "did not cite any pertinent federal cases or state cases applying constitutional analysis, nor did he assert the claim in constitutional terms or allege facts within the mainstream of constitutional litigation" (<u>Rodriguez</u>, 193 F.3d at 917). While the <u>King</u> opinion noted in passing that its holding-- a ruling that multiple convictions and concurrent sentences for different offenses arising from multiple acts motivated by one

9

criminal objective are permissible--does not raise double jeopardy concerns, that sort of aside in an earlier cited state court case is hardly enough "to alert fairly the state court to the federal nature of the claim and to permit that court to adjudicate squarely the federal issue" (Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992)).

Because Williams thus shifted gears from his post-conviction efforts in the state courts to his present federal Petition, he did not "fairly present" to the state forums the question whether the consecutive sentences violated the federal Constitution, either the Due Process Clause or the Double Jeopardy Clause (cf. Rodriguez, 193 F.3d at 917). That claim, then, is procedurally defaulted.

Williams has offered nothing to satisfy the "cause and actual prejudice" showing that is required to escape procedural default. And it is clear that this case does not qualify for the narrow "fundamental miscarriage of justice" exception to the cause and prejudice requirement: Williams cannot demonstrate that he is "actually innocent" (Schlup v. Delo, 513 U.S. 298, 316 (1995)). In sum, Williams' fails as to his first ground for habeas relief.

## Admission of Evidence at Trial

Williams' next claims that he was denied due process because some evidence admitted at trial lacked a clear chain of custody

and was not identified by any witness (Petition at 5). Respondent counters with a procedural default argument akin to the one that defeated Williams' first claim--that Williams raised the issue in his Post-Conviction Petition under the rubric of ineffective assistance of trial counsel rather than due process. But a generous reading of that earlier petition suggests that Williams did pose the admission-of-evidence issue as a ground for relief independent of his bases for urging ineffective assistance of counsel[4]--and in fact the Circuit Court dealt with it as a separate ground.

But that is only a temporary reprieve, for Williams' second claim succumbs to procedural default for a reason different from that identified by Respondent. As the Circuit Court stated in addressing that claim (Ex. F at 2):

---

[4] Paragraph 10 of the Post-Conviction Petition (Ex. E) reads:

> Petitioner contends that during the trial the State failed to establish proper claim of custody since there was no testimony that the flashlight and iron received into evidence was the same flashlight and iron received by the victim's boyfriend Frederick Smith at the scene of the crime, notwithstanding the fact that the flashlight and iron were certainly not unique and the police failed to send the items to the Crime Lab to ascertain whether the victim's blood was on the items.

And it will be recalled that Williams was asserting a general claim of due process denial under both the state and federal constitutions (the Illinois Post-Conviction Act is limited in scope to such constitutional claims--see 725 ILCS 5/122-1).

11

> Paragraphs 9 and 10 refer to the admissibility of
> evidence at trial. These paragraphs fail to allege a
> constitutional denial that resulted in the Petitioner's
> conviction.

And Williams had indeed challenged the admission of the evidence only on the ground that it violated state evidentiary rules. So, as with Williams' first ground for habeas relief, he did not "fairly present" the federal constitutional basis for the claim to the state court, and procedural default operates.

Again Williams has not shown cause and prejudice for failing to raise his federal claim in the state courts. Hence Williams' second ground for habeas relief also fails.[5]

### Ineffective Assistance of Trial Counsel

Williams' third and final ground for habeas relief is that he was denied effective assistance of appellate counsel in

---

[5] Moreover, even if Williams had fairly presented that due process claim to the state courts and had thus preserved it for federal habeas review, the claim would fail on the merits. As Stomner v. Kolb, 903 F.2d 1123, 1128 (7th Cir. 1990)(internal quotation marks and citations omitted) teaches:

> The admissibility of evidence in a state court
> proceeding is primarily a matter of state law and a
> federal court will not review the state court rulings
> to determine whether the court correctly applied the
> law....On a petition for writ of habeas corpus, a
> federal court will not review evidentiary questions
> unless there is a resultant denial of fundamental
> fairness or the denial of a specific constitutional
> right.

Plainly the admission of the flashlight and clothes iron (the weapons used to beat the victim) were entirely permissible evidentiary rulings, and it is an understatement to say that those rulings did not result in a fundamentally unfair trial.

12

violation of the Sixth Amendment (Petition at 6). In particular Williams urges that his appellate counsel was constitutionally deficient because (1) he waived the argument that Williams' sentence should be reduced because it violated the "one-act one-crime" doctrine by failing to provide any relevant authority to support that proposition and (2) he failed to argue that the State lacked an adequate foundation for introducing the flashlight and iron into evidence (Petition at 6-6A).

There is no question that Williams preserved his ineffective assistance of counsel claim for federal habeas review by raising it at every stage of his post-conviction proceedings. This opinion therefore proceeds to the merits of Williams' Sixth Amendment claims.

As explained earlier, Williams is entitled to federal habeas relief only if he demonstrates that the Circuit Court's consideration of the merits of his claim either (1) applied a rule that contradicts United States Supreme Court precedent or (2) used the correct rule but applied it incorrectly and unreasonably to the facts before the court. And here the Circuit Court expressly cited the seminal case for ineffective assistance claims, <u>Strickland v. Washington</u>, 466 U.S. 688 (1984), and the state court's brief analysis is entirely consistent with the principles set forth in <u>Strickland</u> and its progeny. Under <u>Strickland</u> a petitioner must show two things to establish

unconstitutional ineffectiveness: that his counsel's performance fell below an objective standard of reasonableness (id. at 690) and that there is a reasonable probability that but for counsel's inadequacy the result of the proceedings would have been different (id. at 694). Those standards apply to appellate as well as to trial counsel (see, e.g., Smith v. Murray, 477 U.S. 527, 535-36 (1985)).

Williams' claim based on his appellate counsel's alleged waiver of the "one-act one-crime" argument is puzzling to begin with: Williams chides counsel for "fail[ing] to provide any relevant authority to support his contentions (Petition at 8), yet his lawyer had cited two Illinois Supreme Court decisions on that score, one of them (People v. King) being cited by Williams himself in the current Petition as claimed evidence of his counsel's purported delinquency. Moreover, the substantive argument was lacking in merit under Illinois law in any event--as the Circuit Court stated:

> This argument is without merit where each of the Petitioner's convictions were [sic] found by the Appellate Court to be proper.

Indeed, the Appellate Court did not reject that contention on waiver grounds at all, instead holding (Ex. A at 2) that People v. Stokes, 281 Ill.App.3d 972, 981, 667 N.E.2d 600, 606-07 (1st Dist. 1996) controlled, rather than the cases cited by Williams' appellate counsel. Stokes' on-all-fours decision (one that

14

specifically applied the <u>King</u> doctrine in rejecting the same argument that Williams sought to advance) guts any contention by Williams that his appellate counsel was guilty of constitutional ineffectiveness, even apart from the patent emptiness of any waiver contention.

As for Williams' assertion that his appellate counsel was ineffective because the lawyer failed to appeal on the grounds of improper admission of evidence at trial, again the Circuit Court was plainly correct in finding that contention could not support a claim for ineffective assistance of counsel. Where as here such an objection to an evidentiary ruling is a loser on the merits anyway, there is no way in which a lawyer can be found constitutionally deficient for not having raised it on appeal.

In summary, Phillip Williams has failed the recently-articulated <u>Williams v. Taylor</u> test: He cannot show that the Circuit Court got the federal constitutional rule wrong or that it got the rule right but applied it unreasonably. Thus Williams' assertion that he was the victim of ineffective assistance of appellate counsel must also be denied.

### Conclusion

All of Williams' grounds for obtaining federal habeas relief either have been procedurally defaulted or lack merit. There is no need for an evidentiary hearing, so that Section 2254 Rule 8(a) mandates "such disposition of the petition as justice shall

15

require." In this instance that calls for the dismissal of the Petition and this action, and this Court so order.

 _____
 Milton I. Shadur
 Senior United States District Judge

Dated: September 14, 2000